## LAWRENCE *v.* GRIMES.

BECK, J. A contract for the sale of certain shares of corporate stock contained an agreement that the seller would sell the stock for the purchaser within twelve months after the date of the contract (which was July 8, 1912), at $100 per share, and a further agreement to pay the expenses of a trip by the purchaser to a named city, and that if then the purchaser was not satisfied, the seller would return certain notes which had been given for the purchase-price, and the buyer would retransfer the stock to the seller; the trip to be made before a certain

named date. Before the expiration of the twelve months the buyer filed a petition in which he alleged that he had taken a trip to the named place with the seller, had not been satisfied with the trade, and had so notified the seller and demanded a return of certain notes of a third person, which had been delivered by the purchaser to the seller for the stock, and offered to return the certificates of stock duly transferred; that the seller for a time promised to return the notes mentioned, but without any real intention of so doing, and finally he refused to recognize the plaintiff's right to rescind the purchase. There were also allegations as to fraudulent representations, bad faith, and insolvency on the part of the seller. The plaintiff prayed, among other things, that the notes be delivered to him, and that he have a recovery for any sums which the defendant might have collected upon them; and for general relief. After the expiration of the twelve months specified in the contract, the plaintiff filed an amendment alleging, among other things, that when he became satisfied that the defendant did not intend to keep his agreement, he notified the defendant that he stood ready to transfer and deliver to him or to any person to whom the defendant might sell or convey the same the stock, upon making a sale thereof and paying the purchase-price to the plaintiff as he agreed; that he gave to the defendant written notice to that effect on August 20, 1913; that the defendant neglected and refused to sell the stock as he had agreed to do, whereby the plaintiff had suffered loss in the sum of $500. There were also allegations of bad faith and knowledge on the part of the defendant of his inability to comply with the contract. Among other things the plaintiff prayed for a general judgment against the defendant for $500 as damages, and also for a special judgment lien on the property (certain notes of the third person before referred to) delivered by him to the defendant in payment for the stock. *Held:*

(a) The provisions of the contract of sale, for rescission on the one hand in case of dissatisfaction, and for the sale of the stock within twelve months at a specified price on the other, were alternative in character. The original suit was brought before the twelve months had elapsed, and could not be predicated upon a breach of the contract in regard to selling the stock; and the amendment, in so far as it set up a breach of the agreement to sell and sought to recover damages on account thereof arising after suit was brought, was subject to demurrer.

(b) Inasmuch as the allowance of the amendment in the respect above mentioned and the overruling of the demurrer to such allegations caused the suit to be one which included an effort to rescind the purchase, under the terms of the written agreement, because of dissatisfaction, and to rescind also because of fraud, and an effort to enforce the contract of purchase and obtain damages for a failure on the part of the defendant to make a resale of the stock after the bringing of the original suit, the error was so material as to infect the entire trial and render what took place upon the trial nugatory. It is accordingly unnecessary to deal with specific rulings made pending the trial, or to determine whether the plaintiff should have been required to elect, on mo-

8

tion made after the close of the evidence, on what ground 'he would claim a recovery.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

SEPTEMBER 18, 1915. .

Equitable petition. Before Judge Park. Baldwin superior court. May 23, 1914.

*Sibley & Sibley,* for plaintiff in error.

*Livingston Kenan* and *D. S. Sanford,* contra.